**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

JUL 11 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EALISE CRUMB,

Plaintiff - Appellant,

v.

ORTHOPEDIC SURGERY MEDICAL GROUP, DBA Beverly Hills Orthopedic Group; et al.,

Defendants - Appellees.

No. 10-56484

D.C. No. 2:07-cv-06114-GHK-PLA

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted June 26, 2012[**]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Ealise Crumb appeals pro se from the district court's judgment in her race discrimination action arising from a doctor's appointment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of a motion

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

to dismiss and summary judgment. *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009). We affirm in part and dismiss in part.

The district court properly dismissed Crumb's claims against the state defendants for the reasons stated in its order filed on April 9, 2008. The district court did not abuse its discretion by denying Crumb leave to amend her first amended complaint because it had already provided notice of the pleading deficiencies in its initial order granting leave to amend. *See Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (setting forth standard of review and noting that court's discretion is particularly broad where it has already granted leave to amend).

The district court properly granted summary judgment to the medical defendants on Crumb's discrimination claims for the reasons stated in its order filed on August 18, 2010.

The district court did not abuse its discretion by denying without prejudice Crumb's motion to compel certain discovery based on her failure to comply with the local "meet and confer" rule. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and describing court's broad discretion to permit or deny discovery); *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (reviewing application of local rules for abuse of discretion).

10-56484

Crumb's remaining contentions, including those concerning the district court's alleged bias, reconsideration of the dismissal of the state defendants, the case schedule, Crumb's deposition, and the imposition of sanctions, are unpersuasive.

We lack jurisdiction to review the district court's order denying reconsideration of summary judgment because Crumb failed to file an appeal or amended notice of appeal from that post-judgment order. *See* Fed. R. App. P. 4(a)(4)(B)(ii) (appellant must file a notice of appeal or amend a previously filed notice of appeal to secure review of a post-judgment order). Accordingly, we dismiss that portion of the appeal.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Crumb's motions to file a late and oversized reply brief are granted, and the Clerk is directed to file the reply brief received on March 8, 2012. Crumb's motion to modify her opening brief is denied. Crumb's motion to supplement the record on appeal is denied to the extent that she seeks to add documents that were not presented to the district court.

**AFFIRMED in part; DISMISSED in part.**